IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 03-00241-CB |
| CARL BROCK, | ) | CIVIL NO. |
| | ) | 15-00411-CB |
| Petitioner/Defendant | ) | |

## ORDER

On July 8, 2015, Carl Brock filed a petition for habeas corpus relief in the United States District Court for the Central District of California ("the July petition"). (Doc. 143, CDCA 15-5142-CAS Doc. 1.) That action was construed as a motion for relief pursuant to 28 U.S.C.S. § 2255 and transferred to this district. Because the motion amounted to a second or successive petition filed without authorization from the appellate court it was dismissed. *See* 28 U.S.C. § 2255(h) (second or successive motion must be certified by a panel of the appropriate court of appeals). On August 4, 2015, after the July petition was transferred to this Court, Brock filed a second petition for habeas corpus relief in the Central District of California ("the August petition"). (Doc. 147, CDCA 15-5856-CAS.) That petition was also construed as a § 2255 motion and transferred to this district. Like the July petition, the August petition is also due to be and hereby is **DENIED** a second or successive petition filed without certification by the appellate court.

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion. When a court denies a motion "on procedural

grounds without reaching the merits of any constitutional claims, . . . a petitioner will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong," *Id.* (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ).  A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason.  *Id.*  In this case, there is no need to consider the constitutional issue because it is no jurist of reason could find that this § 2255 motion was *not* a second or successive petition.  Accordingly, the certificate of appealability is **DENIED**.  Furthermore, leave to appeal from this order in forma pauperis will be **DENIED** prospectively because any appeal would be plainly frivolous.  *See* 28 U.S.C. § 1915(a)(3) (appeal may not be taken in forma pauperis if court certifies it is not taken in good faith); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (good faith means nonfrivolous); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (claim is frivolous if it lacks an arguable basis in either law or fact).

      **DONE** and **ORDERED** this the 17th day of August, 2015.

                                            **s/Charles R. Butler, Jr.**
                                            **Senior United States District Judge**